```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

William Davidson,                 :
also known as Ja'sin              :
Wright,                           :
        Plaintiff,                :
                                  :
        v.                        :     File No. 1:10-CV-295
                                  :
Amended Procedure,                :
        Defendant.                :
```

OPINION AND ORDER
(Doc. 1)

Plaintiff William Davidson, a New York inmate proceeding *pro se*, seeks to file a complaint in this Court *in forma pauperis*. Because the materials submitted satisfy the requirements of 28 U.S.C. § 1915, Davidson's motion to proceed *in forma pauperis* is GRANTED. However, for reasons set forth below, his case is DISMISSED without prejudice.

When a court reviews an application to proceed *in forma pauperis* filed a by a prisoner seeking redress from a government official, 28 U.S.C. § 1915A mandates that it conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. § 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The text of Davidson's proposed complaint is very difficult to understand. Under the headings of "Facts," he writes: "To direction involved are the parole to New York is not in assert December 6, 2009 – the rendered November 6, 2009 is the complaint (Warrent [sic] #610412)." Elsewhere, he alleges, "I am not in transfer as I expressed my impairity [sic] due to termination I have given you the claims written not to lessor, but toward these D.O.C.S. New York . . . . At Burlington I am under a written lease – Parole." (Doc. 1-2 at 6.) This style of writing is consistent throughout Davidson's twenty-five page filing, and leaves the Court with little indication of the substance of his claims.

It is also unclear whom Davidson is trying to name as defendants. His application to proceed *in forma pauperis*, names "Amended Procedure" as the defendant, and cites a prior case in this Court (File No. 2:10-CV-199) as "Inheritance." (Doc. at 1.) This prior action, brought against the State of Vermont, was dismissed by Judge Sessions as unintelligible and frivolous after leave to amend was granted. (File No. 2:10-CV-199, Docs. 16 and 17.)

At one point in the proposed complaint, Davidson's writing is somewhat more lucid as he alleges a sexual assault by a cellmate at the Chittenden County Correctional Center. (Doc. 1-2 at 22.) Davidson describes the incident as lasting three days,

and claims the State of Vermont failed to protect him.  In a small caption at the top of the page, he identifies the defendants as "Vermont," "NY Parole," and "The Guy/Prisoner."  Davidson presents no allegations against specific individuals other than the cellmate.  He also makes claims about the cellmate, such as what sorts of objects the cellmate was able to store inside his body, that call into doubt the credibility of his other allegations.

To the extent the State of Vermont and any state agencies, such as "NY Parole," are intended to be defendants in this case, they are immune from suit in federal court under the Eleventh Amendment.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 (1984).  As to any individual defendants, Davidson has failed to identify any defendants for purposes of service.  Consequently, the Court cannot allow this case to continue.  If Davidson is able to provide the Court with information about an individual defendant such that the defendant can be served, he may re-file his allegations and the Court will undertake the required § 1915A review.  The current Complaint, however, is DISMISSED without prejudice.

It is hereby certified that any appeal taken *in forma pauperis* from this Opinion and Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a).

Dated at Brattleboro, in the District of Vermont, this 25th day of January, 2011.

                                                  /s/ J. Garvan Murtha
                                                J. Garvan Murtha
                                                Senior United States District Judge